| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re<br><br>JEFFREY JOSEPH JEROME and<br>CAROLINE JEROME,<br><br>                    Debtor.<br>------------------------------------------------------------X | **Hearing Date and Time:**<br>**June 17, 2015 at 2:30 p.m.**<br><br>Chapter 11<br><br><br>Case No. 14-75114-ast<br><br>**MOTION** |

TO THE HONORABLE ALAN S. TRUST, UNITED STATES BANKRUPTCY JUDGE:

JEFFREY JOSEPH JEROME and CAROLINE JEROME (the "Debtors"), by their duly retained counsel of record herein The Law Office of Michael G. Mc Auliffe, respectfully show this Honorable Court and represent as follows:

1. The chapter 11 case of the Debtors was commenced by voluntary petition which was filed with this Court on November 13, 2014 (the "Filing Date").

2. No trustee has been appointed in the Debtors' case. Consequently, the Debtors are presently continuing to act as debtors in possession, with all the rights, duties and responsibilities set forth as 11 U.S.C. Sections 1107(a) and 1108.

3. There has been no duly authorized Official Committee of Unsecured Creditors constituted in this case under section 1102 of the Bankruptcy Code.

4. The Debtor Caroline Jerome is the sole owner in fee of the real property located at 68 Norwood Avenue, Northport, New York 11768 bearing tax map designation District 0400, Section 050.00, Block 01.00, Lot 008.000 (the "Subject Property"). A copy of the current deed to the Subject Property is contained in the mortgage and lien search annexed hereto at Exhibit "A".

5. The Debtors do not reside at the Subject Property, but utilize same as a rental

property.

6. There are two mortgage liens against the Subject Property, as follows:

- The first mortgage lien dated March 1, 2007 in the sum of $925,000.00 in Liber 21500 page 331 (the "First Mortgage"), which mortgage is currently held by Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-17 ("Christiana"), verification of which is contained in the mortgage and lien search annexed hereto at Exhibit "A"; and

- The second mortgage lien dated August 24, 2007 in the sum of $150,000.00 in Liber 21594 page 857 (the "Second Mortgage"), which mortgage is currently held by the original mortgagee, Scott Berman ("Berman"), verification of which is contained in the mortgage and lien search annexed hereto at Exhibit "A".

7. According to the proof of claim filed in the Debtors' case by Christiana, as of the Filing Date, the balance on the First Mortgage was $1,502,586.87. A copy of Christiana's proof of claim is annexed hereto at Exhibit "B".

8. According to the proof of claim filed in the Debtors' case by Berman, as of the Filing Date, the balance on the Second Mortgage was $236,900.00. A copy of Berman's proof of claim is annexed hereto at Exhibit "C".

9. Additionally, there are three judgment liens against the Subject Property, as follows:

- a judgment lien obtained against Jeffrey Jerome in the Supreme Court of the State of New York, County of Suffolk in favor of Oppenheimer & Co., Inc. ("Oppenheimer") in the amount of $140,748.91 which was perfected on January 9, 2008, verification of which is contained in the mortgage and lien search annexed hereto at Exhibit "A"; and

---

[1] The mortgage and lien search obtained by the Debtors did not indicate a transfer or assignment of ownership of the First Mortgage to Christiana. However, as the proof of claim filed for the First Mortgage indicates that Christiana is the current owner of said Mortgage, it is assumed that the transfer documents evidencing same have not yet been filed with Suffolk County.

- a judgment lien obtained against Jeffrey Jerome in the Sixth District Court, County of Suffolk in favor of Kleet Lumber Co., Inc. (:"Kleet") in the amount of $7,046.53 which was perfected on September 17, 2008, verification of which is contained in the judgment and lien search annexed hereto at Exhibit "A".

- a judgment lien obtained against C. Jerome in the Second District Court, County of Suffolk in favor of Lobe Holding Corp. ("Lobe") in the amount of $2,784.00 which was perfected on November 26, 2010[2], verification of which is contained in the judgment and lien search annexed hereto at Exhibit "A".

10. The fair market value of the Subject Property is $750,000.00, as evidenced by the appraisal dated February 22, 2015 annexed hereto at Exhibit "D".

11. Therefore, as of the Filing Date, there was no equity or value in the Subject Property over and above the First Mortgage to support the Second Mortgage lien or the judgment liens thereon.

12. 11 U.S.C. Section 506(a) provides, in pertinent part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

13. It is well settled that "subsection (a) of §§ 506 provides that a claim is secured only

---

[2] The Debtors do not believe that the judgment held by Lobe is a lien against either or both of them, and that it is actually a lien against another person similarly named "C. Jerome". However, as Lobe's judgment appeared on the mortgage and lien search against the Subject Property, the Debtors thought it prudent to include the Lobe judgment in this motion so that they can obtain an Order formally voiding it as a lien against the Subject Property.

to the extent of the value of the property on which the lien is fixed." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 239, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989) (emphasis added); see also Associates Commercial Corp. v. Rash, 520 U.S. 953, 961, 138 L. Ed. 2d 148, 117 S. Ct. 1879 (1997) ("The first sentence of §§ 506(a), in its entirety, tells us that . . . the secured portion of a claim is limited to the value of the collateral.")." Pond v. Farm (In re Pond), 252 F.3d 122, 126-127 (2nd Cir. 2001).

14. Accordingly, to determine whether a lien is "secured" under Section 506(a), a court must examine the value of the collateral underlying a lien, not the value of the lien itself. Pond v. Farm (In re Pond), 252 F.3d 122, 127 (2nd Cir. 2001).

15. Here, the Debtors have obtained a full current appraisal of the Subject Property which has fixed the value thereof at $750,000.00. As the amount of the First Mortgage as of the Filing Date was $1,502,586.87, and as the First Mortgage is the first priority lien against the Subject Property, then no lien subsequent to the First Mortgage is even partially secured, as the full value of the Subject Property is wholly encumbered by the First Mortgage.

16. Thus, each of the liens held by Berman, Oppenheimer, Kleet and Loeb are wholly unsecured as against the Subject Property and as such, cannot be "allowed secured claims" within the meaning of 11 U.S.C. Section 506.

17. 11 U.S.C. Section 506(d) provides, in pertinent part:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
> > (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title ; or
> > (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

18.     Thus, as all of the liens held by Berman, Oppenheimer, Kleet and Loeb are wholly unsecured as against the Subject Property and as none of such liens meets the criteria set forth in subsections (1) or (2) of of 11 U.S.C. Section 506(d), it is respectfully submitted that each of the liens held by Berman, Oppenheimer, Kleet and Loeb are void by operation of 11 U.S.C. Section 506(d).

19.     No prior request for the relief sought in this Application has been made to this or any other court in connection with this chapter 11 case.

**WHEREFORE**, the Debtors respectfully request the entry of an order granting the following relief:

> A.  Determining that the claim held by Berman secured by the Second Mortgage against the Subject Property be deemed a wholly unsecured claim and that the entirety of the Second Mortgage lien be declared null and void pursuant to 11 U.S.C. Section 506;
>
> B.  Determining that the claim held by Oppenheimer secured by its judgment lien against the Subject Property be deemed a wholly unsecured claim and that the entirety of the Oppenheimer Judgment lien be declared null and void pursuant to 11 U.S.C. Section 506;
>
> C.  Determining that the claim held by Kleet secured by its judgment lien against the Subject Property be deemed a wholly unsecured claim and that the entirety of the Kleet Judgment lien be declared null and void pursuant to 11 U.S.C. Section 506;
>
> D.  Determining that the claim held by Lobe secured by its judgment lien against the Subject Property be deemed a wholly unsecured claim and that the entirety of the Lobe Judgment lien be declared null and void pursuant to 11 U.S.C. Section 506;
>
> E.  Directing the Clerk of the County of Suffolk to cancel and discharge the Berman Mortgage lien and the Judgment liens held by each of Oppenheimer, Kleet and Lobe;
>
> F.  Reclassifying the Proofs of Claim filed by Berman (Claim No. 6) and

Oppenheimer (Claim No. 3) as wholly unsecured claims; and

G.  For such other, further relief to the Debtors and their Estate as this Court deems to be just and proper.

Dated: Melville, New York
May 28, 2015

                LAW OFFICE OF MICHAEL G. Mc AULIFFE
                Counsel to the Debtors

            By:  /s/ Michael G. Mc Auliffe, Esq.
                   Michael G. Mc Auliffe, Esq.
                   68 South Service Road, Suite 100
                   Melville, New York 11747
                   (631) 465-0044